*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SCHAFER AND WEINER, PLLC,

Plaintiff-Appellant,

v

DONALD S. DREYFUSS, ELISA DREYFUSS, and L & L ASSOCIATES, INC.,

Defendants,

and

OAKRIDGE MANOR NURSING & REHABILITATION CENTER, LLC,

Garnishee Defendant-Appellee.

UNPUBLISHED
June 25, 2019

No. 343371
Oakland Circuit Court
LC No. 2015-145121-CK

Before: SAWYER, P.J., and O'BRIEN and LETICA, JJ.

PER CURIAM.

Plaintiff appeals from an order of the circuit court granting summary disposition in favor of garnishee defendant Oakridge Manor Nursing & Rehabilitation Center ("Oakridge") pursuant to MCR 2.116(C)(10) (no genuine issue of material fact). We reverse and remand.

The basic facts of this case are not in meaningful dispute for purposes of this appeal. Plaintiff is a law firm that primarily represents debtors. Defendants owned and operated a 64-bed nursing home in Ferndale. In 2010, defendants became insolvent and retained plaintiff to address creditor claims from 2010 to 2012. The agreement for legal services included personal guarantees by the Dreyfuss defendants.

In 2012, Oakridge wished to operate the nursing home in Ferndale and commenced the process of transferring the Certificate of Need (CON) from Elisa Dreyfuss. This required the approval of the Michigan Department of Community Health. Because of an existing indebtedness to the State of Michigan for a Quality Assurance Assessment Fee, a condition of the transfer of the CON was a payment to the state of $152,840.88 to clear the debt. Oakridge

-1-

made the payment on December 27, 2012. The following day, Community Health approved Oakridge's CON application.

Subsequently, in 2015, plaintiff filed suit against defendants for unpaid attorney fees. Plaintiff obtained judgments against all three defendants. Unable to collect on the judgments, plaintiff made various attempts at garnishment directed to Oakridge. The essence of plaintiff's argument is that Oakridge obtained the CON for substantially less than its value and plaintiff seeks a remedy under the Uniform Fraudulent Transfer Act (UFTA), MCL 566.31 *et seq*.

Oakridge maintains that it paid consideration for the transaction and has no liability to plaintiff. In fact, Oakridge raises a number of arguments on appeal as to why it should prevail, including (1) that defendants received adequate consideration, (2) that a CON is nontransferable by statute, (3) that the CON issued to Oakridge is not property of the debtor which leaves plaintiff with no remedy, and (4) that plaintiff has failed to establish a reasonable equivalent value of the CON. Oakridge's various arguments may or may not have merit. But only one was relied upon by the trial court in granting summary disposition, that of adequate consideration. And the trial court erroneously decided that issue.

The trial court's opinion states its reasoning for granting summary disposition as follows:

> The Court has carefully reviewed all of the arguments and documentation submitted by the parties. The Court finds that based on what has been presented, the dispositive issue in this case is whether the CON was transferred without consideration. It is well accepted that a court should not "inquire into the sufficiency of consideration," and a minimal amount of consideration is sufficient." *General Motors Corp v Depart of Treasury,* 466 Mich 213, 239 [; 644 NW2d 734] (2002).

> Oakridge Manor argues that Defendants received consideration in two respects. First, payment of the $152,840.88 to the State of Michigan, as applied by the State of Michigan for the outstanding Assessment Fee, and, second, the $12,541.59 for the forgiveness of the "penalty owed by Hilton." As to consideration, Plaintiff merely responds that Oakwood Manor has admitted that it paid nothing to L & L in consideration for receiving L & L's right to a CON for a 64 bed nursing home. However, this does not mean that Defendants did not receive consideration.

> Here, based on the evidence, Oakridge Manor paid the State of Michigan for the issuance of the new CON and then the State of Michigan gave consideration to Defendants in an amount of at least $165,382.39, as detailed above. Accordingly, there was consideration.

The trial court, as well as Oakridge in its argument, confuses the common-law principle of legally adequate consideration with the UFTA standard of "reasonably equivalent value." See

MCL 566.35. That is, UFTA is not satisfied merely by establishing that a transaction was supported by consideration, such as the traditional pepper corn.[1] Rather, under UFTA, a transfer is fraudulent if it is made, not without consideration, but without a "reasonably equivalent value":

> A transfer made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation. [MCL 566.35(1).]

Such a fraudulent transaction may then give rise to a remedy to the creditor. See, e.g., MCL 566.35(2) and MCL 566.37.

In short, the trial court addressed the wrong question. The trial court addressed the question whether there was legally adequate consideration to prevent the contract from failing for a lack of consideration. But the trial court should have addressed the question whether there was a genuine issue of material fact regarding whether there was "reasonably equivalent value" given and whether plaintiff could establish a right to a remedy under UFTA.

For these reasons, we reverse the trial court's grant of summary disposition in favor of Oakridge and remand to the trial court for further proceedings consistent with this opinion. On remand, Oakridge is, of course, free to raise any of its additional arguments regarding whether plaintiff is able to establish a remedy under UFTA.

Reversed and remanded. We do not retain jurisdiction. Plaintiff may tax costs.

/s/ David H. Sawyer
/s/ Colleen A. O'Brien
/s/ Anica Letica

---

[1] See *General Motors Corp*, 466 Mich at 239.